UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC D. HARRIS,

    Plaintiff,                                  Case No. 17-cv-10415

    v.                                        District Judge Nancy G Edmunds

FNU MILLER, and                      Magistrate Judge Mona K. Majzoub
JAMES ZUMMER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Isaac D. Harris filed this *pro se* civil rights case on February 7, 2017. (Docket no. 1.) At the time of the subject matter of this case, Plaintiff was in the custody of the Michigan Department of Corrections ("MDOC") at Saginaw Correctional Facility. Plaintiff contends that Defendant Miller and Defendant Zummer violated his "Due Process rights to exercise his First Amendment rights to file[] a grievance" by "transfer[ring] him to discipline prison."

This matter is presently before the Court on Defendants' Motion for Dismissal and/or Summary Judgment. (Docket no. 9.) Defendants assert that they are entitled to either absolute or qualified immunity, and that Plaintiff fails to plead facts that would support a First Amendment retaliation claim. Plaintiff filed a response in opposition to Defendants' motion. (Docket no. 14.) The Court has reviewed the pleadings and determined that the motion will be resolved without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.     RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Defendants' Motion to Dismiss be **GRANTED** and that this matter be dismissed in its entirety.

## II.     REPORT

### A.     Background

This matter arises from Plaintiff's transfer from Saginaw Correctional Facility to Kinross Correctional Facility, allegedly implemented in retaliation for Plaintiff's filing of grievances. (Docket no. 1, pp. 3, 5.) Defendant Gary Miller is a Lieutenant at Saginaw Correctional Facility. (Docket no. 9-3.)   Defendant James Zummer is a Resident Unit Manager at Saginaw Correctional Facility.  (Docket no. 9-2.)

On June 29, 2016, Plaintiff was scheduled to work as a dish washer in the prison "chow hall."  (Docket no. 9-3, p. 8.)  During the shift, a supervisor observed that Plaintiff was "nowhere to be found," and Plaintiff was charged with a Class II misconduct for being "Out of Place." (*Id.*)  Plaintiff disputed the charge, and on July 6, 2016, Plaintiff appeared for a misconduct hearing at which Defendant Miller was the hearing officer.  (*Id.* at 7.)   Defendant Miller reviewed security camera footage, which showed that Plaintiff "never left the building" but was "sitting in the chow hall" at a table with other inmates.  (*Id.*)  Consequently, Defendant Miller determined that Plaintiff was "[g]uilty of being absent from where one was required, but in the same building."  (*Id.*)

Although there is no significant dispute regarding the above facts, the parties diverge regarding the outcome of the July 6, 2016 hearing.  Plaintiff asserts that "Defendant Miller reduced the Class 2 'Out of Place' to a Class 3 'Temp. Out of Place.'" (Docket no. 1, p. 4.)  In contrast, Defendants contend that Plaintiff "was found 'Guilty' of Charge 1" which "was described by CMIS Code 436, which is synonymous with a Class II misconduct."  (Docket no. 9-3, p. 4.)

On July 19, 2016, Plaintiff filed a grievance alleging that Defendant Miller "denied

2

[Plaintiff] a fair hearing according to the MDOC handbook" by finding Plaintiff guilty of being "absent from were [*sic*] one is required" even though Plaintiff had not left the chow hall as stated in the misconduct report. (Docket no. 9-4, p. 17.) The grievance was rejected because "[d]ecisions made in minor misconduct hearings" are considered to be "non-grievable issues." (*Id.*) The reviewer informed Plaintiff that the proper procedure is to "submit a Misconduct Appeal Form (CDJ-274) to appeal a Class II hearing." (*Id.*) Plaintiff contends that after this grievance was filed, Defendant Miller threatened that "if [Plaintiff] kept up with the grievances, [Plaintiff] would be on the next snowland bus." (Docket no. 1, p. 5.) On August 9, 2016, Plaintiff appealed the grievance to Step II, and reiterated his allegation that Defendant Miller deprived Plaintiff of due process. (Docket no. 9-4, p. 16.) That appeal was denied on August 17, 2016. (*Id.*)

Plaintiff contends that on August 18, 2016, Defendant Zummer told Plaintiff that he had "a disliked person on [his] heels" and that writing grievances was an easy way to "get the boat to a different prison." (Docket no. 1, p. 6.) In the early part of September 2016, Plaintiff was transferred from Saginaw Correctional Facility to Kinross Correctional Facility. (Docket no. 9, p. 9.) Plaintiff asserts that Defendant Zummer drafted the "Transfer Security Classification Screen," and "intentionally fabricat[ed]" this document by labeling the June 29, 2016 misconduct a Class II instead of the Class III violation that Plaintiff contends "resulted from the hearing." (Docket no. 1, pp. 5-6.) According to Plaintiff, the inclusion of a Class II misconduct had the effect of "increasing [Plaintiff's] security level and points out of the level 1 range." (*Id.* at 6.)

On September 12, 2016, Plaintiff appealed his grievance to Step III, but was again denied on September 21, 2016. (Docket no. 9-4, p. 15.) Plaintiff filed the present matter on February 7, 2017.

**B.     Standard of Review**

*1. Motion to Dismiss*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In addressing motions under Rule 12(b)(6), the Sixth Circuit recognizes that, in addition to the allegations of the complaint, the court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008).

  2. *Motion for Summary Judgment*

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole

presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56.

**C. Analysis**

*1. First Amendment / Retaliation*

Plaintiff contends that Defendants violated his rights under the First Amendment by transferring him from Saginaw Correctional Facility to Kinross Correctional Facility in retaliation for filing grievances.

Prison officials may not retaliate against inmates who have engaged in constitutionally protected activities or conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). A retaliation claim has three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Id.* (citations omitted).

Defendants contend that Plaintiff fails to plead facts sufficient to show that an "adverse action" was taken against him. The Sixth Circuit has held that a lateral transfer from one prison facility to another cannot form the basis of a retaliation claim, even though such a transfer might have "some effect on [the plaintiff prisoner's] future filing of grievances," and even though this

6

transfer might be intended in part "to give prison staff a respite from [the prisoner's] continuous barrage of grievances." *Brown v. Crowley*, 312 F.3d 782, 802 (6th Cir. 2002) (citing *Ward v. Dyke*, 58 F.3d 271, 274–75 (6th Cir. 1995)).

Although Plaintiff characterizes Kinross as a "discipline prison," Defendants submit that Plaintiff "remained at Level II both before and after the transfer and, in fact, would have remained at such this [*sic*] security classification even if no points were allotted for the Misconduct Report" because "an inmate will be transferred in accordance with the highest security classification referenced on either the 'Confinement Level' column or the 'Management Level' column of the Security Classification Screen-Review." (Docket no. 9, p. 17.)

Accordingly, the relocation from Saginaw Correctional Facility to Kinross Correctional Facility was a "lateral" transfer, which cannot satisfy the "adverse action" element of Plaintiff's retaliation claim, even if the transfer had "some effect on [Plaintiff's] future filing of grievances." *See Brown*, 312 F.3d at 802. On this basis, the Court should grant Defendants' motion to dismiss Plaintiff's retaliation claim.

### 2. *Due Process*

Defendants assert that "Plaintiff's allegation that Defendant Miller denied him of [*sic*] his due process rights . . . is a mere legal assertion without factual basis" and for that reason request the Court to dismiss the claim.

Plaintiff's response to Defendants' motion clarifies that Plaintiff's substantive due process claim is tied to his First Amendment claim. (*See* Docket no. 14, p. 2 (contending that "a prison official violate [*sic*] a prisoner [*sic*] substantive due process rights if they retaliate against the prisoner for exercising his First Amendment right to file a grievance.").) In light of this, Plaintiff appears to raise the issue of due process only for the purpose of "incorporating" the First

Amendment claim to apply against state officials. *See Kiser v. Kamdar*, 831 F.3d 784, 791 (6th Cir. 2016) (observing that "it is only through the doctrine of incorporation—through the Fourteenth Amendment's Due Process Clause—that the First Amendment constrains state governments").

On this reading of Plaintiff's complaint, Defendant's request to dismiss this claim is rendered moot. However, to the extent that Plaintiff intends to maintain a separate "procedural due process" claim, the complaint fails to plead facts that would support such a theory, and the Court should grant Defendant's request to dismiss that claim.

### D. Conclusion

For the above-stated reasons, the undersigned recommends that Defendants' Motion to Dismiss be **GRANTED** and that this matter be dismissed in its entirety.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Eastern District of Michigan Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 16, 2018　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on Plaintiff Isaac D. Harris and counsel of record on this date.

Dated: January 16, 2018　　　　　　　s/ Leanne Hosking
　　　　　　　　　　　　　　　　　　Case Manager