UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC D. HARRIS,

        Plaintiff,

v.

FNU MILLED, and JAMES ZUMMER,

        Defendants.

_____/

Case No. 17-10415

Honorable Nancy G. Edmunds

## OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JANUARY 16, 2018 REPORT AND RECOMMENDATION [18]

Plaintiff Isaac D. Harris, filed this *pro se* civil rights case against Defendants Fnu Miller, a Lieutenant at Saginaw Correctional Facility, and James Zummer, a Resident Unit Manager at Saginaw Correctional Facility (collectively "Defendants"). (Dkt. 1 & 2.) At the time of the subject matter of this case, Harris was in the custody of the Michigan Department of Corrections ("MDOC") at Saginaw Correctional Facility. Harris asserts that Defendants violated his Constitutional rights whey they transferred him, from Saginaw Correctional Facility to Kinross Correctional Facility in retaliation for Harris filing grievances.

Currently before the Court is Magistrate Judge Majzoub's Report and Recommendation to grant Defendants' Motion to Dismiss Plaintiff's Complaint, for failing to plead facts sufficient to state a claim upon which relief can be granted. (Dkt. 18.) Harris has since lodged two objections to the Magistrate Judge's Recommendation, which the Court considers here. (Dkt. 19.) For the reasons that follow, the Court OVERRULES Harris's objections, ADOPTS the Report and Recommendation, and DISMISSES the case.

This Court performs a *de novo* review of those portions of Magistrate Judge Majzoub's Report and Recommendation to which Harris has objected. 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *Aldrich v. Bock,* 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981)).

Both of Harris's objections are summaries of what has been presented before. *Aldrich*, 327 F.Supp. 2d. at 747. He disagrees with the magistrate judge's findings, but does not provide specific errors or contentions that need correction. Notwithstanding Harris's shortcomings in this regard, the Court considers the substance of both objections in turn.

Harris's first objection is with Magistrate Judge Majzoub's conclusion that Harris's transfer from one Level II prison, to another Level II prison, does not satisfy the "adverse action" element of a retaliation claim. Even in reasserting the facts, Harris does not allege his transfer from Saginaw Correctional Facility to Kinross Correctional Facility resulted in an increase in his security level. Indeed, Defendants confirm both facilities are Level II prisons and Harris himself states Defendant Zummer "transfer[ed] him to another level 2 prison." (Dkt. 19, at 2-3.)

The Sixth Circuit holds, a transfer to another prison at the same security level is not generally considered sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment Rights. *King v. Zamiara*, 150 Fed.Appx. 485, 494-95 (6th Cir. 2005); *Smith v. Yarrow*, 78 Fed. Appx. 529, 543 (6th Cir. 2003); *Mandela v. Campbell*, 1999 WL 357825, at *3 (6th Cir. 1999). Moreover, it is constitutionally permissible for prison officials to transfer an inmate to another facility to give prison staff a respite from his grievances. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Ward v. Dyke*, 58 F.3d 271, 274-75 (6th Cir. 1995)("Prisoners do not have a constitutional right to be incarcerated in any particular institution.").

Where there are aggravating factors, courts have been willing to find that a prison transfer would deter a person of ordinary firmness from exercising his constitutional rights. *See Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005). This limited exception applies "where there are foreseeable consequences to the transfer that would inhibit the prisoner's ability to access the courts." *Hix v. Tennessee Dep't of Corr.*, 196 Fed.Appx. 350, 358 (6th Cir. 2006)(citing *Siggers-El*, 412 F.3d at 704). Where a prisoner alleges no such foreseeable consequences, however, the claim of retaliatory transfer must fail. *Id.* Because Harris does not allege that the transfer interfered with his ongoing right to access the courts, his transfer to Kinross Correctional Facility was not sufficiently adverse in this case to maintain a claim of retaliation.

Harris's second objection restates that his substantive due process claim, meets the "shocks the conscience standard." There are two categories of substantive due process

rights.  The one Harris invokes[1] requires conduct by a state actor that, while not infringing

on a fundamental right, is so unjust that is "shocks the conscience."  *Mertik v. Blalock*, 983

F.2d 1353, 1367 (6th Cir. 1993).  Harris's objection appears to claim the Report and

Recommendation does not adequately address his substantive due process "shocks the

conscience" claim.

The "shocks the conscience" standard for substantive due process claims is difficult

to satisfy.  To shock the conscience, is a fact specific inquiry and the conduct must be so

egregious that it can be said to be arbitrary in the constitutional sense.  None of the facts

of Harris's claim come remotely close to meeting this incredibly high standard.  This Court

acknowledges the Misconduct Hearing Report from Harris's July 6, 2016 hearing, states

in two places his Class II misconduct charge will be reduced to a Class III charge.  The

Misconduct Hearing Report states (1) "charge reduced to a class III and guilty findings"

and (2) the section labeled "Misconduct Charge if Changed by Hearing Officer" reads

"Temp Out of place (Class III)".  The Court recognizes that Harris is frustrated the change,

from Class II to Class I II, did not make it onto his Security Classification Management

Level Score assessment.  Defendants explain however that the Misconduct Hearing Report

also states Harris "was found 'Guilty' of Charge 1" described "by CMIS CODE 436, which

is synonymous with a Class II misconduct."  (Dkt. 9-3, at 4.)  The Misconduct Hearing

Report is therefore contradictory.  Furthermore Harris did file a grievance and appealed the

findings twice.  Finally, although the change from Class II to Class III would have adjusted

---

[1]The other substantive due process claim requires a plaintiff to assert denial of a right, privilege, or immunity guaranteed by the Constitution or federal statute.  Harris's second objection however pertains specifically to the "shock the conscience" standard.

Harris's Management Level down to a Level I. His overall determinative security classification would have remained Level II because of the Confinement Level score.

The Court finds, neither the contradictory Misconduct Hearing Report, nor Harris's transfer, manifestly or grossly unjust. Neither approach the standard of "shocks the conscience". As Magistrate Judge Majzoub described in the Report and Recommendation, Harris has failed to plead facts that would support a substantive due process claim.

For the reasons thus states, the Court OVERRULES Harris's objections, ADOPTS the Magistrate Judge's Report and Recommendation, and DISMISSED the complaint.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 14, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager